August 16, 1979

## 79-60   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Political Contributions by Federal Employees (18 U.S.C. §§ 602, 607)

This responds to your memorandum concerning the interpretation of 18 U.S.C. §§ 602 and 607, which pertain to political contributions by Federal employees.

The first question you pose is whether, under 18 U.S.C. § 607, Federal employees may voluntarily make political contributions to the Carter-Mondale Presidential Committee. Section 607 criminalizes the giving by one Federal employee to any other Federal employee or officer of any valuable thing "to be applied to the promotion of any political object." The Civil Service Commission (now the Office of Personnel Mangement), however, has promulgated regulations pursuant to the Hatch Act expressly permitting Federal employees to "make a financial contribution to a political party or organization." 5 CFR § 733.111(a)(8) (1978). This Department, consequently, does not currently view voluntary contributions made to political organizations, including committees that support incumbent Federal officers for reelection, as prosecutable violations under § 607.

The second question you posed concerns 18 U.S.C. § 602. That statute prohibits any Federal officer from being "in any manner concerned in soliciting or receiving * * * for any political purpose whatever" anything of value from another Federal officer or employee. The issue presented is whether the President would be deemed "in any manner concerned" with soliciting political contributions from Federal employees on the sole ground that otherwise lawful contributions were made by Federal employees to his political committee that would benefit his campaign.

Section 602 proscribes activities by Federal officers or employees intended to coerce political contributions by other Federal officers or employees. Liability under § 602 depends on the acts of the Federal officer or employee involved. Assuming that the President, or any other Federal

officer or employee, in no way acted directly or indirectly with the object of securing contributions from other Federal officers or employees, he would not be vicariously liable under § 602 solely because an otherwise lawful contribution by a Federal employee had been made to his campaign.

For your information, this Department is prepared to give assistance to candidates and political committees by providing general information with respect to the interpretation of the criminal laws concerning campaign activities. Inquiries may be directed by any such party to the Assistant Attorney General in charge of the Criminal Division. In addition to the guidance this Office may provide concerning the duties and obligations of Federal employees, the President, like other concerned persons would, of course, be entitled to such general information.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*